DECISION
{¶ 1} Relator, Union Metal Corporation, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate its order granting temporary total disability compensation to respondent-claimant, Clarence D. Ellyson, and to enter an order denying such compensation on the basis that claimant abandoned his former position of employment.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of facts and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) More specifically, relying on the Ohio Supreme Court's decision in State ex rel. Elyria Foundry Co. v. Indus.Comm. (1998), 82 Ohio St.3d 88, the magistrate determined that the instant action did not present a controversy that is ripe for review. No objections have been filed to the magistrate's decision.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and based on an independent review of the record, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, relator's requested writ of mandamus is denied.
Writ of mandamus denied.
Lazarus, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
The State of Ohio ex rel. : Union Metal Corporation, : Relator, : v. : No. 03AP-1246 The Industrial Commission of Ohio : (REGULAR CALENDAR) and Clarence D. Ellyson, : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 20, 2004 Black, McCuskey, Souers Arbaugh, Gust Callas and Brian R.Mertes, for relator.
Jim Petro, Attorney General, and Stephen D. Plymale, for respondent Industrial Commission of Ohio.
Brian Law Offices, and Richard F. Brian, for respondent Clarence D. Ellyson.
 IN MANDAMUS {¶ 4} In this original action, relator, Union Metal Corporation, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting temporary total disability ("TTD") compensation to respondent Clarence D. Ellyson beginning May 22, 2003, and to enter an order denying said compensation on grounds that Mr. Ellyson abandoned his former position of employment.
Findings of Fact:
 {¶ 5} 1. On May 21, 2003, Clarence D. Ellyson ("claimant") was employed as a welder by Union Metal Corporation, a self-insured employer under Ohio's workers' compensation laws. On that date, claimant completed a workers' compensation claim form (FROI-1) which relator refused to certify.
 {¶ 6} 2. On July 28, 2003, a district hearing officer ("DHO") heard the contested industrial claim and claimant's request for TTD compensation. Following the hearing, the DHO issued an order allowing the claim for: "right knee strain and torn medial meniscus, right knee," and awarding TTD compensation.
 {¶ 7} 3. Relator administratively appealed the DHO's order.
 {¶ 8} 4. At a September 24, 2003 hearing before a staff hearing officer ("SHO"), relator claimed that claimant was not entitled to TTD compensation because he had voluntarily abandoned his employment with relator. Following the hearing, the SHO issued an order that vacated the DHO's order. The SHO ordered that the claim be allowed for: "right knee strain; torn medial meniscus, right knee." The SHO further ordered the payment of TTD compensation beginning May 22, 2003, based upon medical evidence of record and a finding that claimant had not abandoned his former position of employment.
 {¶ 9} 5. Relator filed a notice of appeal from the SHO's order of September 24, 2003. On October 29, 2003, another SHO mailed an order refusing relator's administrative appeal to the commission.
 {¶ 10} 6. On December 15, 2003, relator filed, pursuant to R.C. 4123.512, a notice of appeal in the Stark County Court of Common Pleas regarding the commission's allowance of the industrial claim. Thereafter, on February 26, 2004, claimant filed his complaint in the common pleas court action pursuant to R.C. 4123.512. On March 1, 2004, relator answered the complaint in the common pleas court action.
 {¶ 11} 7. In the meantime, on December 17, 2003, relator, Union Metal Corporation, filed this mandamus action.
Conclusions of Law:
 {¶ 12} Because this action fails to present a controversy that is ripe for review in mandamus, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 13} The disposition of this action is controlled by Stateex rel. Elyria Foundry Co. v. Indus. Comm. (1998),82 Ohio St.3d 88. In Elyria Foundry, the employer (EFC) commenced a mandamus action challenging the commission's award of TTD compensation in an industrial claim that the commission had allowed for silicosis. EFC appealed the allowance of the claim to the Lorain County Court of Common Pleas pursuant to R.C. 4123.512. The common pleas court action was pending while EFC was challenging the TTD award in the mandamus action. The Supreme Court of Ohio found that the controversy presented in the mandamus action lacked ripeness. The Elyria Foundry court stated:
We find that the controversy presented by EFC's mandamus action lacks ripeness. Ripeness "is peculiarly a question of timing."Regional Rail Reorganization Act Cases (1974), 419 U.S. 102,140, 95 S.Ct. 335, 357 * * *. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." AbbottLaboratories v. Gardner (1967), 387 U.S. 136, 148,87 S.Ct. 1507, 1515 * * *. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.
EFC is asking us to address the abstract and the hypothetical. The allowance of claimant's entire workers' compensation claim is in dispute, as are the medical conditions allegedly related to it. Therefore, EFC is effectively asking us to answer the question that, if the claim is allowed, and if it is allowed only for silicosis, is claimant entitled to temporary total disability compensation? This is an inappropriate question for review.
Id. at 89. (Emphasis sic.)
 {¶ 14} Based upon Elyria Foundry, it is the magistrate's decision that this court deny relator's request for a writ of mandamus on grounds that this action fails to present a controversy that is ripe for review.