DEISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Columbus Fair Auto Auction, Inc., has filed an original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order awarding temporary total disability ("TTD") compensation to respondent, Karon J. Dixon ("claimant"), beginning March 18, 2003.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. On September 24, 2004, the magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Exhibit A.) Relying on State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998),82 Ohio St.3d 88, 694 N.E.2d 459, the magistrate concluded that because of relator's pending appeal in the Franklin County Court of Common Pleas, which challenges the allowance of claimant's entire workers' compensation claim, the mandamus action fails to present a controversy ripe for our review. As a result, the magistrate recommended we deny relator's request for a writ of mandamus. Relator timely filed objections to the magistrate's decision, which are now before the court. For the reasons that follow, we overrule relator's objections.
 {¶ 3} In its objections, relator argues the magistrate erroneously relied upon Elyria Foundry Co., arguing the issue of voluntary abandonment is ripe for our review and must be addressed in mandamus. Relator asserts the issue of voluntary abandonment is a question of law, and is not related to the facts pertaining to the allowance of the workers' compensation claim. As such, relator contends that whether or not claimant voluntarily abandoned her employment will not be addressed by the Franklin County Court of Common Pleas, as that court is precluded from addressing any issue other than whether claimant has the right to participate in Ohio's workers' compensation system for the particular claim at issue.[1] Relator asserts the extent of disability and the right to participate can be determined contemporaneously, without prejudicing claimant. Relator asserts that the requirement to pay claimant TTD compensation without recourse on the issue of voluntary abandonment results in the increase in its premiums and negatively affects its workers' compensation rates.
 {¶ 4} We have recently explored this issue in State ex rel. UnionMetal Corp. v. Indus. Comm., Franklin App. No. 03AP-1246, 2004-Ohio-6067. In Union Metal Corp., the employee was granted TTD compensation for a knee injury. A staff hearing officer refused the employer's administrative appeal to the commission. The employer appealed the allowance to the common pleas court and while the same was still pending, filed a mandamus action in this court challenging the TTD award. Relying upon Elyria Foundry Co., we found that the action failed to present a controversy ripe for our review. Similarly, we find the magistrate properly relied upon Elyria Foundry Co. in his analysis of the instant matter.
 {¶ 5} Upon review of the magistrate's decision, an independent review of the record and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We, therefore, adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, relator's objections to the magistrate's decision are overruled and the requested writ of mandamus is hereby denied.
Objections overruled; writ of mandamus denied.
Brown, P.J., and Klatt, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT [State ex rel.] : Columbus Fair Auto Auction, Inc., : Relator, : v. : No. 04AP-112 Karon J. Dixon and The Industrial : (REGULAR CALENDAR) Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on September 24, 2004 Buckingham, Doolittle Burroughs, LLP, and Barbara A. Knapic, for relator.
Barkan Neff Co., L.P.A., and Robert E. DeRose, for respondent Karon Dixon.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 6} In this original action, relator, Columbus Fair Auto Auction, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it awards temporary total disability ("TTD") compensation to respondent Karon Dixon ("claimant") beginning March 18, 2003, on grounds that claimant allegedly abandoned her employment with relator.
Findings of Fact:
 {¶ 7} 1. On March 12, 2003, relator, a state-fund employer, terminated claimant from her employment on grounds that she had violated relator's attendance policy.
 {¶ 8} 2. On March 18, 2003, claimant completed a First Report of an Injury, Occupational Disease or Death ("FROI-1") to initiate her claim for workers' compensation benefits. On the FROI-1, she claimed that she had developed carpal tunnel syndrome in her left hand and "problems" with her left shoulder. The FROI-1 was filed March 21, 2003. Relator refused to certify the claim which is assigned claim number 03-333160.
 {¶ 9} 3. On April 10, 2003, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order disallowing the industrial claim. Claimant administratively appealed.
 {¶ 10} 4. Following a May 21, 2003 hearing, a district hearing officer ("DHO") issued an order affirming the bureau's order and disallowing the industrial claim. Claimant administratively appealed.
 {¶ 11} 5. Following a June 26, 2003 hearing, a staff hearing officer ("SHO") issued an order that vacated the DHO's order of May 21, 2003. The SHO allowed the claim for "right carpal tunnel syndrome; ganglion cyst right wrist; left shoulder tendonitis; left rotator cuff tendonitis." The SHO also awarded temporary total disability ("TTD") compensation from March 18, 2003 through August 18, 2003, and to continue upon submission of appropriate proof. The SHO's order of June 26, 2003 does not address whether claimant voluntarily abandoned her employment with relator; however, the order does acknowledge that "claimant was terminated by this employer on 3/12/2003." (The SHO's order of June 26, 2003 was mailed on July 3, 2003.)
 {¶ 12} 6. Relator filed a notice of appeal from the SHO's order of June 26, 2003.
 {¶ 13} 7. On August 5, 2003, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of June 26, 2003. (The SHO's order mailed August 5, 2003 is dated July 30, 2003.)
 {¶ 14} 8. On August 20, 2003, relator moved for reconsideration of the SHO's order of August 5, 2003, that refused relator's appeal. In a memorandum in support of reconsideration, relator argued that the SHO's order of June 26, 2003, contains a clear mistake of fact and a clear mistake of law. In the memorandum, relator challenged both the allowance of the claim and the TTD award. Relator claimed that claimant was not entitled to TTD compensation because she had voluntarily abandoned her employment under State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.
(1995), 72 Ohio St.3d 401, when relator terminated claimant's employment for violation of its attendance policy.
 {¶ 15} 9. On October 4, 2003, the commission mailed an "Interlocutory Order" that vacated the SHO's order refusing the administrative appeal. The commission's "Interlocutory Order" states:
It is the finding of the Industrial Commission that the employer has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow and and [sic] error by the subordinate hearing officer in the findings issued on 06/19/2003 [sic[2]], which renders the order defective.
Specifically, it is alleged that the Staff Hearing Officer failed to address whether the injured worker's termination due to attendance problems was voluntary under the criteria set forth in State ex rel.Louisiana Pacific Corp. v. Indus. Comm. (1995), 72 Ohio St.3d 401.
The order issued on 07/30/2003 [sic[3]] is hereby vacated, set aside and held for naught.
Based on these findings, the Industrial Commission directs that the employer's request for reconsideration filed 08/20/2003 is to be set for hearing to determine if the alleged clear mistake of law as noted herein is sufficient for the Industrial Commission to invoke its continuing jurisdiction.
In the interests [sic] of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Industrial Commission will take the matter under advisement and proceed to hear the merits of the underlying issue(s). The Industrial Commission will thereafter issue an order on the matter of continuing jurisdiction under Ohio Revised Code 4123.52. If authority to invoke continuing jurisdiction is found, the Industrial Commission will address the merits of the underlying issue(s).
This order is issued pursuant to State ex rel. Nicholls v. Indus.Comm. (1998) 81 Ohio St.3d 454, State ex rel. Foster v. Indus. Comm. (1999) 85 Ohio St.3d 320, and in accordance with Ohio Administrative Code 4121-3-09.
 {¶ 16} 10. Following the issuance of the October 4, 2003 interlocutory order, the commission issued a notice of hearing for October 28, 2003.
 {¶ 17} 11. The hearing scheduled for October 28, 2003, was never held. On October 29, 2003, the commission mailed an order that dismissed relator's August 20, 2003 motion for reconsideration. The October 29, 2003 order explained:
Pursuant to State ex rel. Prayner v. Indus. Comm. (1965)2 Ohio St.2d 120, and the provisions of Revised Code Section 4123.512(A), the Industrial Commission only retains jurisdiction to reconsider an order, which is appealable to the Court of Common Pleas, for a period of 60 days after receipt of the order, or until the filing of an appeal within said period.
It is found that the time period to reconsider the order noted above has now expired; and therefore, the Industrial Commission lacks jurisdiction to consider the present Request for Reconsideration.
 {¶ 18} 12. On November 17, 2003, relator moved for reconsideration of the commission's October 29, 2003 order dismissing its previous motion for reconsideration.
 {¶ 19} 13. On December 6, 2003, the commission mailed an order denying relator's November 17, 2003 motion for reconsideration.
 {¶ 20} 14. On February 2, 2004, relator, Columbus Fair Auto Auction, Inc., filed this mandamus action.
 {¶ 21} 15. On April 28, 2004, the parties to this mandamus action filed a supplemental stipulation of evidence which presents as an exhibit relator's notice of appeal from the SHO's order of August 5, 2003, refusing relator's administrative appeal from the SHO's order of June 26, 2003. The exhibit indicates that the notice of appeal was filed on September 26, 2003, in the Franklin County Court of Common Pleas pursuant to R.C. 4123.512.
Conclusions of Law:
 {¶ 22} Because this action fails to present a controversy that is ripe for review in mandamus, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 23} The disposition of this action is controlled by State ex rel.Elyria Foundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88. In ElyriaFoundry, the employer, Elyria Foundry Co. ("EFC"), commenced a mandamus action challenging the commission's award of TTD compensation in an industrial claim that the commission had allowed for silicosis. EFC appealed the allowance of the claim to the Lorain County Court of Common Pleas pursuant to R.C. 4123.512. The common pleas court action was pending while EFC was challenging the TTD award in the mandamus action. The Supreme Court of Ohio found that the controversy presented in the mandamus action lacked ripeness. The Elyria Foundry court stated:
We find that the controversy presented by EFC's mandamus action lacks ripeness. Ripeness "is peculiarly a question of timing." Regional RailReorganization Act Cases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357 * * *. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *."Abbott Laboratories v. Gardner (1967), 387 U.S. 136, 148, 87 S.Ct. 1507,1515 * * *. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L. Rev. 867, 876.
EFC is asking us to address the abstract and the hypothetical. The allowance of claimant's entire workers' compensation claim is in dispute, as are the medical conditions allegedly related to it. Therefore, EFC is effectively asking us to answer the question, if the claim is allowed, and if it is allowed only for silicosis, is claimant entitled to temporary total disability compensation? This is an inappropriate question for review.
(Emphasis sic.) Id. at 89.
 {¶ 24} Here, as in Elyria Foundry, relator is asking this court to address issues relating to claimant's entitlement to TTD compensation during the pendency of its action in common pleas court challenging the allowance of the entire workers' compensation claim. If relator were to prevail in the common pleas court action and obtain the disallowance of the entire industrial claim, claimant would not be entitled to TTD compensation regardless of whether she did or did not voluntarily abandon her employment. Thus, in this action, relator is asking this court to address the abstract and hypothetical.
 {¶ 25} Based upon Elyria Foundry, it is the magistrate's decision that this court deny relator's request for a writ of mandamus on grounds that this action fails to present a controversy that is ripe for review.
[1] See State ex rel. Liposchak v. Indus. Comm. (2000),90 Ohio St.3d 276, 278, 737 N.E.2d 519.
[2] Presumably, "06/19/2003" should read "06/26/2003."
[3] Presumably, "07/30/2003" should read "07/03/2003."