DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Park Poultry, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to issue an order finding that respondent Dennis G. Wallick abandoned his employment and rejected a bona fide offer of sustained remunerative employment.
 {¶ 2} The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate determined that relator's action fails to present a question that is ripe for review and recommended that this court deny relator's request for a writ of mandamus. Relator has filed an objection to the magistrate's decision, and the matter is now before this court for a full independent review.
 {¶ 3} By its objection to the magistrate's decision, relator asserts that the magistrate, upon his determination that the issues are not ripe for review, erroneously recommended a denial of the requested writ, rather than a dismissal without prejudice. According to relator, it "has no objection to the magistrate's decision that these issues are not ripe for review," if the decision "has no preclusive effect and Relator will not be prevented from again raising the issues raised herein if [respondent] Wallick again files for permanent total disability or challenges the denial of his application via a mandamus action." (Relator's objection, at 3.)
 {¶ 4} We concur with the magistrate's determination that relator's action fails to present a question that is ripe for review. We also agree with the magistrate's decision that because the action fails to present a question that is ripe for review, this court must deny relator's request for a writ of mandamus. The magistrate cites State ex rel. Elyria Foundry Co. v. Indus.Comm. (1998), 82 Ohio St.3d 88, as being instructive on the ripeness issue. In Elyria, at 89, the Supreme Court of Ohio affirmed the denial of a requested writ on the basis that the controversy presented by the relator's mandamus action lacked ripeness. We note that a denial of relator's request for a writ of mandamus on the basis that the controversy is not ripe for review is not a decision on the merits of the action.
 {¶ 5} Upon our independent review of the record, we find that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. Therefore, relator's objection to the magistrate's decision is without merit and is overruled. Pursuant to Civ.R. 53(E)(4)(b), we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we hereby deny the requested writ of mandamus.
Objection overruled; writ denied.
Lazarus, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Park Poultry, Inc., : Relator, : v. : No. 03AP-1122 The Industrial Commission of Ohio : (REGULAR CALENDAR) and Dennis G. Wallick, : Respondents. :
 MAGISTRATE'S DECISION Rendered on May 6, 2004 Black, McCuskey, Souers Arbaugh, Gust Callas and Brian R.Mertes, for relator.
Jim Petro, Attorney General, and Stephen D. Plymale, for respondent Industrial Commission of Ohio.
Zwick Law Offices Co., L.P.A., and James P. Proctor, for respondent Dennis G. Wallick.
 IN MANDAMUS {¶ 6} In this original action, relator, Park Poultry, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to enter an additional ground for denial of permanent total disability ("PTD") compensation to respondent Dennis G. Wallick, to wit, that he refused to accept a bona fide offer of sustained remunerative employment.
 {¶ 7} Findings of Fact:
 {¶ 8} 1. On February 24, 1998, Dennis G. Wallick ("claimant") sustained an industrial injury which arose out of and in the course of his employment with relator. The industrial claim is assigned claim number 98-353113.
 {¶ 9} 2. On September 13, 2002, claimant filed an application for PTD compensation.
 {¶ 10} 3. Following a May 28, 2003 hearing, a staff hearing officer ("SHO") issued an order denying the PTD application. The first part of the SHO's order makes certain findings regarding claimant's residual medical capacity and the nonmedical factors. Based on the medical and vocational findings, the order concludes that "claimant retains the ability to perform sedentary work." On that basis alone, the PTD application was denied.
 {¶ 11} The second part of the order states:
The employer's representative contends claimant is ineligible for permanent total disability benefits due to a refusal of a job offer that constitutes an abandonment of employment.
The Staff Hearing Officer finds the employer has not established an abandonment of employment in this matter. The 4/8/02 job offer from the employer is reviewed. This letter informs claimant he "will be working in the Automated Department grading chicken as it passes by on the line." The job offer is not found to be a valid light duty job offer. The offer is not specific as to the duties of the position. Thus, the Staff Hearing Officer is unable to analyze whether the job offer complies with claimant's physical restrictions. As this job offer is found to be vague, the Staff Hearing Officer finds claimant's refusal to attempt this job does not constitute an abandonment of employment. Accordingly, claimant remains eligible for permanent total disability benefits. However, said permanent total disability benefits are denied based upon the reasoning cited within this order.
 {¶ 12} 4. On November 12, 2003, relator, Park Poultry, Inc., filed this mandamus action.
 {¶ 13} Conclusions of Law:
 {¶ 14} Because the issue relator presents for review in this action is not ripe for review, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 15} State ex rel. Elyria Foundry Co. v. Indus. Comm.
(1998), 82 Ohio St.3d 88, 89, is instructive. In that case, the Supreme Court of Ohio applied the ripeness doctrine in a mandamus action brought by an employer who challenged the claimant's entitlement to workers' compensation. The Elyria court denied the requested writ on grounds that the question presented was not ripe for review. The Elyria court states:
* * * The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." AbbottLaboratories v. Gardner (1967), 387 U.S. 136, 148,87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.
 {¶ 16} A reading of the SHO's order presented here indicates that relator presented to the commission at least two possible grounds for denial of the PTD application. Pertinent to those two possible grounds is Ohio Adm. Code 4121-3-34(D), which sets forth the commission's guidelines for the adjudication of PTD applications. Ohio Adm. Code 4121-3-34(D) provides that the guidelines shall be followed by the adjudicator in the sequential evaluation of PTD applications.
 {¶ 17} Ohio Adm. Code 4121-3-34(D)(1)(e) states:
If, after hearing, the adjudicator finds that the claimant is offered and refuses and/or fails to accept a bona fide offer of sustained remunerative employment * * * where there is a written job offer detailing the specific physical/mental requirements and duties of the job that are within the physical/mental capabilities of the claimant, the claimant shall be found not to be permanently and totally disabled.
 {¶ 18} Ohio Adm. Code 4121-3-34(D)(2)(b) states:
If, after hearing, the adjudicator finds that the claimant, based on the medical impairment resulting from the allowed conditions is unable to return to the former position of employment but may be able to engage in sustained remunerative employment, the non-medical factors need be considered by the adjudicator.
The non-medical factors that are to be reviewed are the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record that might be important to the determination as to whether the claimant may return to the job market by using past employment skills or those skills which may be reasonably developed. * * *
 {¶ 19} The first part of the commission's order renders an adjudication under Ohio Adm. Code 4121-3-34(D)(2)(b). The commission found that claimant is able to engage in sustained remunerative employment based upon the commission's review of the medical and nonmedical evidence before it. On that basis alone, the PTD application was denied.
 {¶ 20} The second part of the commission's order shows that the commission reviewed relator's claim under Ohio Adm. Code4121-3-34(D)(1)(e). Finding the job offer to be "vague," the commission found that "claimant's refusal to attempt the job does not constitute an abandonment of employment."
 {¶ 21} To state the obvious, the commission refused to enter an alternative ground for denial of the PTD application under Ohio Adm. Code 4121-3-34(D)(1)(e). Regardless of whether the commission abused its discretion in adjudicating relator's claim regarding the job offer, it takes only one ground to deny the PTD application, and that ground is that claimant is able to perform sustained remunerative employment. Given this scenario, one must ask why relator filed this action.
 {¶ 22} While relator does not directly so state, it seems apparent that this action was brought out of a concern that the claimant might file another PTD application. Apparently, relator feels that, if it could obtain a finding in its favor regarding a job offer under Ohio Adm. Code 4121-3-34(D)(1)(e), it could plead such finding as a defense to another PTD application that might be filed. Apparently, relator believes that such finding would compel the commission to deny a subsequent PTD application under the doctrine of res judicata. (See relator's reply brief at 10.)
 {¶ 23} At oral argument before the magistrate, the parties indicated that claimant has not filed another PTD application and, obviously, there has been no adjudication of another PTD application.
 {¶ 24} Under such circumstances, the ripeness doctrine clearly applies here. In effect, relator is asking this court to address the abstract and the hypothetical. Thus, this action fails to present a question that is ripe for review.
 {¶ 25} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 /s/ Kenneth W. Macke
KENNETH W. MACKE MAGISTRATE