DECISION
{¶ 1} In this original action, relator, Medina General Hospital, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to deny temporary total disability payments to respondent, Gina Mechler, for the additional reason of voluntary abandonment of employment.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate, who subsequently heard the parties' arguments. On September 29, 2005, the magistrate issued his decision, including supportive findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny relator's request for a writ of mandamus. No objections to the magistrate's decision have been filed.
 {¶ 3} Following an independent review of this matter pursuant to Civ.R. 53, we find that the magistrate properly determined the pertinent facts and appropriately concluded that the issues presented are not ripe for review. Consequently, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accord with the magistrate's recommendation and decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
Brown and Sadler, JJ., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Medina General Hospital, : :
Relator, : :
v. : No. 05AP-368 :
Industrial Commission of Ohio : (REGULAR CALENDAR) and Gina Mechler, : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on September 29, 2005 Crosby, O'Brien Associates Co., L.P.A., Elizabeth A. Crosby
and Sherri Neiding McComas, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respond-ent Industrial Commission of Ohio.
Dominic J. Fallon, for respondent Gina Mechler.
 IN MANDAMUS {¶ 4} In this original action, relator, Medina General Hospital, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to enter an additional ground for denial of temporary total disability ("TTD") compensation to respondent Gina Mechler for the period commencing September 29, 2004, to wit, that she voluntarily abandoned her employment.
Findings of Fact:
 {¶ 5} 1. On February 11, 2004, Gina Mechler ("claimant") sustained an industrial injury while employed as a nursing assistant for relator, a self-insured employer under Ohio's workers' compensation laws. The industrial claim is allowed for "bursitis knee, right," and is assigned claim number 04-810876.
 {¶ 6} 2. On or about October 1, 2004, claimant was sentenced by the Medina County Court of Common Pleas on one count of complicity to commit tampering with evidence, a violation of R.C.2923.03 and 2921.12(A)(2), a felony of the third degree.
 {¶ 7} 3. By letter dated October 7, 2004, relator informed claimant that her employment was terminated.
 {¶ 8} 4. On October 28, 2004, claimant moved for TTD compensation starting September 29, 2004. In support, claimant submitted a "Physician's Report of Work Ability" dated October 27, 2004, from Dr. Daniel Brustein. The record also contains a "Physician's Report of Work Ability" dated July 23, 2004, from Dr. Brustein.
 {¶ 9} 5. Following a December 10, 2004 hearing, a district hearing officer ("DHO") issued an order denying TTD compensation commencing September 29, 2004, based upon a finding that claimant had voluntarily abandoned her employment.
 {¶ 10} 6. Claimant administratively appealed the DHO order of December 10, 2004.
 {¶ 11} 7. Following a January 24, 2005 hearing, a staff hearing officer ("SHO") issued an order stating:
The order of the District Hearing Officer * * * is vacated. Therefore, the Injured Worker's C86 motion, filed October 28, 2004 is denied.
The Staff Hearing Officer finds that the Injured Worker has not submitted probative medical evidence supporting temporary total disability from September 29, 2004 through Decem-ber 10, 2004. The Staff Hearing Officer's decision is based on the fact that there are no C84 reports in file or other reports which indicate when the Injured Worker's disability begins and ends. The Staff Hearing Officer has reviewed the physician's workability reports from Dr. Brunstein, dated July 23, 2004 and October 27, 2004; however, neither of these reports is persuasive because the complete dates of disability are not given.
The employer argued that the Injured Worker is not eligible for temporary total compensation because she was terminated for violation of the employer's code of conduct rules. In support of its position the employer cites State ex rel. Louisiana-PacificCorp. v. Indus. Comm. (1995) 72 Ohio St.3d 408 and presents its employee handbook.
The facts surrounding the violation are as follows. The Injured Worker was convicted for complicity to commit tampering with evidence, a third degree felony. This crime was committed in conjunction with a domestic matter and had nothing at all to do with the Injured Worker's job. None the less, the employer argues that the Injured Worker's conviction constitutes a violation of that portion of its code of conduct rules that permit the employer to take disciplinary action," in response to any conduct not listed above which adversely affect the care of patients, the right of other employees or visitors or the operations of the hospital."
Termination for violation of a work rule only constitutes a voluntary abandonment of employment when it results form [sic] violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee. State exrel. Louisiana-Pacific Corp. v. Indus. Comm. (1995)72 Ohio St.3d 408.
In this case the employer's rules do not clearly define a felony conviction as prohibited conduct nor do they identify it as a dischargeable offense. Therefore, the Staff Hearing Officer finds that the employer has failed to establish the elements necessary to support a voluntary abandonment of employ-ment.
 {¶ 12} 8. On February 11, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO order of January 24, 2005.
 {¶ 13} 9. On April 14, 2005, relator, Medina General Hospital, filed this mandamus action.
Conclusions of Law:
 {¶ 14} Because the issue relator presents for review in this action is not ripe for review, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 15} State ex rel. Elyria Foundry Co. v. Indus. Comm.
(1998), 82 Ohio St.3d 88, 89, is instructive. In that case, the Supreme Court of Ohio applied the ripeness doctrine in a mandamus action brought by an employer who challenged the claimant's entitlement to workers' compensation. The Elyria court denied the requested writ on grounds that the question presented was not ripe for review. The Elyria court states:
* * * The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagree-ments over administrative policies * * *." AbbottLaboratories v. Gardner (1967), 387 U.S. 136, 148,87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.
 {¶ 16} Here, the commission denied claimant's motion for TTD compensation commencing September 29, 2004, on grounds that Dr. Brustein's reports were flawed. The commission also entered a finding that relator has failed to establish a voluntary abandonment of employment. Had the commission found a voluntary abandonment, such a finding would serve as an alternative basis for denial of TTD compensation.
 {¶ 17} Given that the commission denied claimant's motion for TTD compensation, one must ask why relator filed this action.
 {¶ 18} At oral argument before the magistrate, relator's counsel indicated that relator challenges the commission's finding on the voluntary abandonment defense because of its concern that claimant might again move for TTD compensation. Relator seeks to have this court order the commission to enter a voluntary abandonment finding so that relator may invoke the doctrine of res judicata or collateral estoppel in defense of any future claim to TTD compensation.
 {¶ 19} Under such circumstances, the ripeness doctrine clearly applies here. In effect, relator is asking this court to address the abstract and hypothetical. Thus, this action fails to present a question that is ripe for review. See State ex rel.Park Poultry, Inc. v. Indus. Comm., Franklin App. No. 03AP-1122,2004-Ohio-6831.
 {¶ 20} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.