DECISION
{¶ 1} In this original action, relator, Atrium Personnel and Consulting Service ("relator"), requests a writ of mandamus ordering respondent, Industrial Commission of *Page 2 
Ohio ("the commission"), to vacate its prior decision and find that respondent Roger Raubenolt ("claimant") did voluntarily abandon his employment with relator.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision (attached as Appendix A), including findings of fact and conclusions of law. Relying on State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998),82 Ohio St.3d 88, and State ex rel. Park Poultry v. Indus. Comm., Franklin App. No. 03AP-1122, 2004-Ohio-6831, the magistrate concluded that because the commission denied claimant's request for temporary total disability compensation on grounds that claimant failed to present sufficient medical evidence to support a finding that he was unable to return to his former position of employment, the instant mandamus action fails to present a controversy ripe for our review. As a result, the magistrate recommended we grant respondents' motions and dismiss this mandamus action. Relator timely filed objections to the magistrate's decision, which are now before the court. For the reasons that follow, we overrule relator's objections.
 {¶ 3} Although relator clearly disagrees with the magistrate's decision, relator does not set forth a specific objection. Nevertheless, the essence of relator's argument appears to be that the magistrate erroneously relied upon Elyria Foundry Co., supra, and ParkPoultry, supra, arguing the issue of voluntary abandonment is ripe for our review and must be addressed in mandamus. Relator asserts the issue of voluntary abandonment is ripe because the commission has not permitted relator to assert the defense of voluntary abandonment in subsequent proceedings before it. *Page 3 
 {¶ 4} We find relator's argument to be without merit. Subsequent determinations made by the commission are irrelevant to the issue before us, which is whether relator's writ should be dismissed for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). Given the record before us, which does not include the commission's subsequent orders, we concur with the magistrate's determination that relator's action fails to present a question that is ripe for review. We also agree with the magistrate's decision that because the action fails to present a question that is ripe for review, this court must grant respondents' motions to dismiss.
 {¶ 5} Upon our independent review of the record, we find that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. Therefore, relator's objections to the magistrate's decision are without merit and are overruled. We, therefore, adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, respondents' motions to dismiss are granted, and this action is hereby dismissed.
Objections overruled, motions to dismiss granted, actiondismissed. BROWN and FRENCH, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON MOTIONS TO DISMISS {¶ 6} Relator, Atrium Personnel and Consulting Service, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial *Page 5 
Commission of Ohio ("commission") to vacate its prior decision and find that respondent Roger Raubenolt ("claimant") did voluntarily abandoned his employment with relator.
Findings of Fact; {¶ 7} 1. Claimant sustained a work-related injury on October 9, 2006 and his claim has been allowed for "sprain lumbar region."
 {¶ 8} 2. By order of the Ohio Bureau of Workers' Compensation ("BWC") mailed November 6, 2006, claimant's request for temporary total disability ("TTD") compensation was granted beginning October 11, 2006.
 {¶ 9} 3. Relator appealed and the matter was heard before a district hearing officer ("DHO") on February 1, 2007. The DHO determined that the BWC properly found that claimant's claim should be allowed for sprain lumbar region but determined that claimant's request for TTD compensation should be denied on grounds that claimant had voluntarily abandoned his employment with relator.
 {¶ 10} 4. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") on March 19, 2007. The SHO determined that TTD compensation should be denied on grounds of insufficiency of medical evidence:
 Temporary total disability compensation is specifically denied for the period of 10/10/2006 through the present, 3/19/2007. However, the Staff Hearing Officer denies the payment of temporary total for reasons entirely different than those posed by the District Hearing Officer. The Staff Hearing Officer denies the payment of temporary total disability compensation as the C-84 forms on file from Dr. Elder, do not certify disability over the above period solely on the basis of the currently allowed condition in the claim. All of Dr. Elder's C-84 forms also contain other diagnostic codes as the reason for disability, which are not currently allowed diagnosis codes in this claim. There is currently no C-84 on file which certifies the above period of disability solely on the *Page 6 
basis of the allowed lumbar sprain. As such, payment of temporary total disability compensation is denied on this medical reason only.
 {¶ 11} Additionally, the SHO addressed relator's argument that claimant had voluntarily abandoned his employment and determined that claimant did not voluntarily abandoned his employment on October 11, 2006.
 {¶ 12} 5. Relator's appeal and request for reconsideration were both denied.
 {¶ 13} 6. Thereafter, relator filed the instant mandamus action in this court.
 {¶ 14} 7. Both claimant and the commission have filed motions to dismiss.
Conclusions of Law: {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 16} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator *Page 7 
can prove no set of facts entitling him to recovery. O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State exrel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94. For the following reasons, respondents' motion should be granted and relator's complaint should be dismissed.
 {¶ 17} Both respondents argue that there is no controversy which is currently ripe for review. The Supreme Court of Ohio addressed the issue of ripeness in State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998),82 Ohio St.3d 88, 89, and stated:
 We find that the controversy presented by [this] mandamus action lacks ripeness. Ripeness "is peculiarly a question of timing." Regional Rail Reorganization Act Cases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357 * * * The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." Abbott Laboratories v. Gardner (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515 * * *. As one writer has observed:
 "The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.LRev. 867, 876. *Page 8 
 {¶ 18} In State ex rel. Park Poultry, Inc. v. Indus. Comm., Franklin App. No. 03AP-1122, 2004-Ohio-6831, this court was faced with a situation similar to the facts presented here. In Park Poultry, the commission had denied the claimant's application for permanent total disability ("PTD") compensation. First, the commission found that the claimant retained the ability to perform sedentary work. Second, with regard to the employer's contention that the claimant was ineligible for PTD compensation on grounds that he refused a suitable job offer, the commission determined that the employer had not established that the claimant had abandoned his employment on those grounds. The employer filed a mandamus action requesting that the commission be ordered to find that claimant had abandoned his employment when he rejected a job offer.
 {¶ 19} The employer filed a mandamus action in this court. CitingElyria Foundry, this court found that the employer's issue was not ripe for review. In adopting its magistrate's decision, the court found that, regardless of whether the commission had abused its discretion in adjudicating the employer's claim regarding the job offer, only one ground was necessary to deny the PTD application. This court found that the commission denied the PTD application on grounds that the claimant was able to perform sustained remunerative employment.
 {¶ 20} In the present case, the commission denied claimant's request for TTD compensation on grounds that claimant failed to present sufficient medical evidence to support a finding that he was unable to return to his former position of employment. Only one ground was necessary for denying TTD compensation. *Page 9 
 {¶ 21} Under these circumstances, the ripeness doctrine clearly applies here. In effect, relator is asking this court to address an abstract and hypothetical question. As such, this action fails to present a question that is ripe for review.
 {¶ 22} Based on the foregoing, it is this magistrate's decision that this court should grant the motions of respondents and dismiss this action. *Page 1