THE STATE EX REL. ELYRIA FOUNDRY COMPANY, APPELLANT,
v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Elyria Foundry Co. v. Indus.
Comm.* (1998), 82 Ohio St.3d 88.]

(No. 95–1501—Submitted March 24, 1998—Decided June 10, 1998.)

*Licata & Crosby Co., L.P.A., Elizabeth A. Crosby* and *Ellyn Tamulewicz,* for
appellant.

*Betty D. Montgomery,* Attorney General, and *Jeffrey B. Duber,* Assistant
Attorney General, for appellee Industrial Commission.

*Shapiro, Kendis & Associates Co., L.P.A., James D. Kendis* and *Rachel B. Jaffy,* for appellee Woolbright.

---

**Per Curiam.** Appellees successfully argued below that mandamus was inappropriate. We affirm the denial of the writ, but do so for a reason other than that given by the court of appeals.

We find that the controversy presented by EFC's mandamus action lacks ripeness. Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.

EFC is asking us to address the abstract and the hypothetical. The allowance of claimant's entire workers' compensation claim is in dispute, as are the medical conditions allegedly related to it. Therefore, EFC is effectively asking us to answer the question, *if* the claim is allowed, and *if* it is allowed only for silicosis, is claimant entitled to temporary total disability compensation? This is an inappropriate question for review.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.