OPINION
Defendant-Appellant, Tammy K. Greer ("Appellant"), appeals her conviction on one count of theft by deception, in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. For the reasons adduced below, the judgment of the trial court is affirmed.
The facts that are relevant to the issues raised on appeal are as follows. Over a five-day period from September 5, 1998, to September 9, 1998, Appellant wrote eleven checks on a closed account with the Richwood Banking Company.[1] Said checks were written to a single local business, Mosier's I.G.A., Inc. ("Mosier's").[2]
In exchange for the checks, Appellant received merchandise, gasoline, and cash. The aggregate value of the eleven checks was $739.14.
On January 6, 1999, Appellant was indicted by the Union County Grand Jury on one count of theft by deception.[3] Pursuant to R.C. 2913.61(C)(1), the series of thefts were prosecuted as a single offense. Appellant entered a plea of not guilty to the charge.
On March 10, 1999, Appellant filed a motion to dismiss the indictment, alleging that her acts of theft should not have been prosecuted as a single offense and that she should have been indicted on multiple counts of passing bad checks in violation of R.C. 2913.11.
On May 5, 1999, the matter came on for bench trial before the Union County Court of Common Pleas. At the conclusion of the State's presentation of evidence, Appellant filed a motion for acquittal pursuant to Crim.R. 29.
By judgment entry of May 10, 1999, the trial court overruled Appellant's motion to dismiss the indictment. The trial court found Appellant guilty of the offense. On May 17, 1999, the trial court filed a nunc pro tunc judgment entry overruling Appellant's Crim.R. 29 motion for acquittal.
On June 16, 1999, Appellant was sentenced to a term of five years community control. It is from this conviction that Appellant now appeals, raising four assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court committed prejudicial error by overruling Appellant's motion to dismiss the indictment, as the State charged Appellant with a single count of felony theft under O.R.C. 2913.02, when the proper charges should have been a series of misdemeanor passing bad check charges or petty theft charges.
Appellant's first and second assignments of error essentially challenge the propriety of the State's indictment. In her first assignment of error, Appellant contends that the State improperly indicted her on one act of theft pursuant to R.C. 2913.02(A)(3). Specifically, Appellant claims that her acts of theft were separate and distinct and do not meet the criteria set forth under R.C. 2913.61(C)(1) for the prosecution of a series of thefts as a single offense. For the reasons that follow, we hold that the indictment in this case was valid.
We first note that a single act of theft is committed where each act in a series of takings results from a continually larcenous intent, or where there is a single plan or scheme. State v.Alicea (Apr. 10, 1986), Cuyahoga App. No. 50992, unreported; see, also, Annotation (1973), 53 A.L.R.3d 398, 401. In Ohio, this concept is illustrated in R.C. 2913.61(C)(1), which reads as follows:
 When a series of offenses under section 2913.02 of the Revised Code * * * is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense, and the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series. In prosecuting a single offense under this division, it is not necessary to separately allege and prove each offense in the series. It is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses in the offender's same employment, capacity, or relationship to another.
The purpose of R.C. 2913.61(C)(1) is twofold. First, it relieves the State from proving each offense in the series. Statev. McMahan (Jan. 12, 1983), Hamilton App. No. C-810728, unreported; State v. Weaver (Aug. 16, 1990), Cuyahoga App. No. 58114, unreported. To require this would be an unreasonable burden on the prosecution. See R.C. 2913.61, Committee Comment. Second, it allows the State to prosecute for a felony by adding together a number of misdemeanor thefts. State v. Bican (Sept. 8, 1983), Cuyahoga App. No. 45993, unreported; Weaver, supra. The advantage to a defendant is he need only face one charge and one trial. Bican, supra; Weaver, supra.
In her brief, Appellant essentially maintains that her acts of theft were not committed in the same employment, capacity, or relationship to another. Thus, Appellant contends that the series of thefts should not have been prosecuted as a single offense under R.C. 2913.61(C)(1).
The State, meanwhile, maintains that the indictment was proper because the series of thefts were committed by her while acting in the same relationship to Mosier's that of a customer and were part of a continuing course of conduct against the same victim.
Clearly, under R.C. 2913.61(C)(1) the phrase "to another" connotes that the offender must have stolen from the same person or entity while carrying on in her same relationship. In the case herein, the conduct charged consisted of a series of thefts from the same entity. Thus, the evidence is clear that Appellant did commit a series of theft offenses against just one victim. Further, Appellant did so as a customer of Mosier's. Thus, each act of theft was committed while acting in a relationship to another. For the foregoing reasons, we find there was a continuing and ongoing relationship involved in the sense contemplated by R.C. 2913.61(C)(1). Having so found, the series of theft offenses was properly charged as a single offense under R.C. 2913.02(A)(3).
For the foregoing reasons, we find the indictment sufficient in form and content. Thus, the trial court did not err in overruling Appellant's motion to dismiss.
Accordingly, Appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it allowed Appellee to aggregate a series of bad checks for the purpose of obtaining a felony indictment under the general theft statute, when the appropriate charge should have been under the specific, passing bad checks statute.
Appellant's second assignment of error once again maintains that the indictment was facially invalid. Specifically, Appellant maintains that the indictment was defective in charging her with one count of theft under R.C. 2913.02(A)(3), and that she should have been charged with eleven counts of passing bad checks in violation of R.C. 2913.11. For the reasons set forth in Appellant's first assignment of error, we hold that the indictment in this case was proper. Therefore, we decline to address the matter any further.
Accordingly, Appellant's second assignment of error is not-well taken and is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred when it overruled Appellant's motion for acquittal made at the end of Appellee rested. [sic]
Appellant maintains in her third assignment of error that the trial court erred in overruling her Crim.R. 29 motion for acquittal. Appellant requested the motion at the conclusion of the State's presentation of evidence. Appellant's motion was based upon on the premise that the State's indictment against her was defective. Appellant cites the reasons propounded in her first and second assignments of error as support for this contention. Having already overruled Appellant's first and second assignments of error, we need not address the matter any further.
Accordingly, Appellant's third assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court erred when it advised Appellant she would be sent to prison for eighteen months if she violated community control, when the maximum sentence the court could impose on a fifth degree felony is twelve months.
Appellant asserts in her fourth assignment of error that the trial court erred during the sentencing phase of her trial. For the following reasons, we disagree.
 In the case herein, at the sentencing hearing, the trial court sentenced Appellant to various community control sanctions for a period of five years. The trial judge initially informed Appellant that she would serve a term of imprisonment upon any violation of her community control sanctions. The trial judge subsequently informed her as follows:
 Now, I want you to understand that I'm notifying you right here and now that if the conditions of community control are violated in any respect I may impose a longer term under the same sanction, may impose a longer term, or more impose a more restrictive sanction, or may impose a prison term. I've promised you it will be a prison term on you. And I want you to know that if I do impose a prison sentence, and if you violate community control terms, then you could and will receive a maximum prison term of up to one-and-a-half years.
Appellant now asserts that the trial judge erred in informing her that she would be sentenced to an eighteen-month term of imprisonment upon a violation of any of her community control sanctions. We find, however, that the issue raised under this assignment of error is not, at the present time, ripe for our review. It is axiomatic that a claim will be deemed to lack ripeness in the event that "the time for judicial relief is simply not yet arrived, even though the alleged action of the [party] foretells legal injury * * *." State ex rel. Elyria Foundry Co.v. Industrial Comm. (1998), 82 Ohio St.3d 88, 89. Having so found, we decline to address the matter set forth in Appellant's fourth and final assignment of error.
Accordingly, Appellant's fourth assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court. Accordingly, Appellant's four assignments of error are overruled.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] The checking account had been closed since January 26, 1998.
[2] Mosier's I.G.A., Inc. is a convenience store/gasoline vendor.
[3] The indictment alleged that the total value of the series of offenses committed by Appellant was $500 or more but less than $5000, making the offense a felony of the fifth degree pursuant to R.C. 2913.02(B)(2).