DECISION
On January 6, 2000, defendant-appellant, Michael Morris, was sentenced to nine months' incarceration after pleading guilty to the offense of receiving stolen property, a violation of R.C2913.51(A). At the plea and sentencing hearing, the trial court informed Morris that he was subject to the "bad time" and post-release-control provisions of Senate Bill 2. Morris's counsel objected to the constitutionality of the provisions. The trial court accepted Morris's guilty plea and imposed the prison term.
Morris presents for our review one assignment of error, claiming that R.C. 2967.11 and 2967.28 are unconstitutional. The state argues that Morris lacks standing to challenge the constitutionality of the statutes because he has not demonstrated that he has been adversely affected by their provisions. We disagree.
We hold that the determining issue is not standing, but rather ripeness. Standing questions whether a litigant is the proper party to litigate the issue. With his liberty potentially jeopardized by a facially unconstitutional statute, Morris is surely the proper party. When he may litigate that issue, however, is a question of ripeness, a doctrine for the conservation of judicial resources. As the Ohio Supreme Court has recently noted, "Ripeness `is peculiarly a question of timing.'"State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88,89, 694 N.E.2d 459, 460, quoting Regional Rail Reorganization ActCases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357. The "basic rationale" of the ripeness requirement "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements * * *." Abbott Laboratories v.Gardner (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515.
Recently, the Ohio Supreme Court held that the "bad time" provision of R.C. 2967.11 unconstitutionally delegates judicial power to the Adult Parole Authority (APA) in violation of Section1, Article IV of the Ohio Constitution. See State ex rel. Bray v.Russell (2000), 89 Ohio St.3d 132, 729 N.E.2d 359. According to R.C. 2967.11(B), "As part of a prisoner's sentence, the parole board may punish a violation committed by a prisoner by extendingthe prisoner's stated prison term for a period of fifteen, thirty, sixty, or ninety days * * *" (emphasis added). "Bad time" is defined as a violation by an offender in prison for "an act that is a criminal offense * * *, whether or not a person is prosecuted for the commission of the offense." R.C. 2967.11(A).
Pursuant to R.C. 2953.08(G)(1)(d), this court has authority to modify any sentence that is contrary to law. If, as part of the sentence, the APA can subsequently increase the sentence, as Morris was informed by the trial court at the time of his sentencing, then under R.C. 2953.08(A)(4) his appeal as of right is ripe. His sentence is contrary to law because it is subject to a statute that has been declared facially unconstitutional by the Ohio Supreme Court.
We note that, in State v. Nolley (June 16, 2000), Hamilton App. No. C-990858, unreported, this court held that an incarcerated offender did not have standing to challenge the constitutionality of R.C. 2967.11 when there was no evidence in the record that the bad-time provisions of the statute had been invoked against him. Based partly upon the Ohio Supreme Court's pronouncement in Bray, and also upon reasons of judicial economy (it is easier for the trial court to include an order in its sentencing entry than to entertain a later habeas proceeding), we now overrule that holding. In Nolley, we also addressed the issue of standing to challenge R.C. 2967.28. The offender in that case had been sentenced for a second-degree felony, which meant that he was subject to a mandatory period of post-release control. Because he was subject to a mandatory period of post-release control, we held that he had standing to challenge the constitutionality of R.C.2967.28. Our holding today does not affect that aspect of Nolley. We merely expand Nolley's holding by giving offenders the opportunity to challenge the constitutionality of R.C. 2967.28
even if their sentences do not include mandatory periods of post-release control. Morris's challenge in this case is not well taken because the Ohio Supreme Court has recently declared R.C.2967.28 to be constitutional. See Woods v. Telb (2000), 89 Ohio St.3d ___, ___ N.E.2d ___.
In sum, we sustain Morris's assignment of error only in part. Because R.C. 2967.11 is unconstitutional, Morris cannot be subjected to the imposition of "bad time." We vacate his sentence and remand this case for the trial court to correct its sentencing entry to specifically state that Morris is not subject to the imposition of bad time.
Gorman, P.J., Painter and Winkler, JJ.