[Cite as *State ex rel. Ado Staffing, Inc. v. Indus. Comm.*, 2018-Ohio-236.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Ado Staffing, Inc., | : | |
| | : | |
| Relator, | : | |
| v. | : | No. 17AP-171 |
| The Industrial Commission of Ohio<br>and Julie L. Ledesma, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on January 23, 2018

**On brief:** *Fisher & Phillips LLP, Robert M. Robenalt*, and *Meghan M. Delaney*, for relator.

**On brief:** *Michael DeWine*, Attorney General, and *John Smart*, for respondent Industrial Commission of Ohio.

**On brief:** *Bridges, Jillisky & Streng, LLC, Nancy L. Jillisky*, and *Mark A. Stine*, for respondent Julie L. Ledesma.

IN MANDAMUS

DORRIAN, J.

{¶ 1} In this original action, relator, Ado Staffing, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded temporary total disability compensation to respondent Julie L. Ledesma, and order the commission find that claimant is not entitled to said compensation.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate recommends that this court deny relator's request for a writ of mandamus finding it to be premature as relator has already filed a notice of appeal in the Union County Court of Common Pleas pursuant to R.C. 4123.512.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein.  Accordingly, relator's request for a writ of mandamus is denied.

*Writ of mandamus denied.*

BROWN, P.J., and TYACK, J., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel. Ado Staffing, Inc.          :
d.b.a.  Adecco Employment Services,

                          :

        Relator,

                          :

v.                                                                    :          No.  17AP-171

                          :

Industrial Commission of Ohio          :          (REGULAR CALENDAR)
and
Julie L. Ledesma,                                    :

                          :

        Respondents.

                          :

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on August 25, 2017

*Fisher & Phillips LLP, Robert M. Robenalt*, **and** *Meghan M. Delaney*, **for relator.**

*Michael DeWine,* **Attorney General, and** *John Smart,* **for respondent Industrial Commission of Ohio.**

*Bridges Jillisky & Streng, LLC, Nancy L. Jillisky,* **and** *Mark A. Stine,* **for respondent Julie L. Ledesma.**

### IN MANDAMUS

{¶ 5}  Relator, Ado Staffing, Inc., has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded temporary total disability ("TTD")

compensation to respondent, Julie L. Ledesma ("claimant"), and ordering the commission to find that she is not entitled to that compensation.

Findings of Fact:

{¶ 6}   1. Claimant sustained a work-related injury on July 14, 2015 while employed by relator and working at Honda.

{¶ 7}   2. Claimant's claim was originally allowed for "cervical sprain."

{¶ 8}   3. Following a hearing before a staff hearing officer ("SHO") on April 20, 2016, claimant was awarded TTD compensation from November 17, 2015 through April 20, 2016 and continuing on submission of medical proof.

{¶ 9}   4. On June 29, 2016, claimant filed a C-86 motion asking that her workers' compensation claim be additionally allowed for the following conditions:  "bilateral C6 radiculopathy;" "bulging disc at C5-6;" and "substantial aggravation of pre-existing degenerative joint disease at C5-6."

{¶ 10} 5. Claimant's motion was supported by the May 16, 2016 MRI, a June 2, 2016 nerve conduction study, and an office note from her treating physician Peter R. Hoy, D.O., dated June 16, 2016.

{¶ 11} 6. Following a hearing before a district hearing officer ("DHO") on July 28, 2016, the commission granted claimant's motion and her claim was additionally allowed for "bilateral C6 radiculopathy; bulging disc at C5-6; and substantial aggravation of pre-existing degenerative joint disease at C5-6."

{¶ 12} 7. Relator appealed and that matter was heard before an SHO on September 13, 2016.  An SHO affirmed the prior DHO order and claimant's claim was additionally allowed for those conditions.

{¶ 13} 8. Relator's appeal and request for reconsideration concerning the allowance of the additional conditions were both rejected.

{¶ 14} 9. After claimant asked that her claim be recognized for additional conditions but before a hearing was held, relator filed a motion on July 15, 2016 asking the commission to terminate claimant's TTD compensation based on a finding that her allowed conditions had reached maximum medical improvement ("MMI"), and she was able to return to her former position of employment.  In support of its motion, relator attached the July 7, 2016 report of Mark Finneran, M.D.  In his report, Dr. Finneran

identified the allowed condition in claimant's claim as cervical sprain and indicated that claimant alleged she also had the following conditions as a result of the work-related injury:

> [One] Bilateral C6 radiculopathy.
> [Two] Bulging disc C5.
> [Three] Substantial aggravation of pre-existing degenerative
> joint disease, C5-6.

{¶ 15} Dr. Finneran also opined that, in his professional opinion, the medical evidence did not support the existence of bilateral C6 radiculopathy, but noted that claimant did have an age-related bulging disc at C5-6 which was not clinically significant nor neuro compressive. He also opined that the disc anomaly at C5-6 was a natural consequence of the deterioration of tissue in claimant's spine over time. As such, he ultimately opined that those conditions should not be allowed and further opined that claimant's condition of cervical sprain had reached MMI.

{¶ 16} 10. Relator's motion to terminate claimant's TTD compensation was heard before a DHO on August 26, 2016. The DHO relied on the medical report of Dr. Finneran and terminated claimant's TTD compensation.

{¶ 17} 11. Claimant appealed and the matter was heard before an SHO on October 6, 2016.

{¶ 18} 12. Inasmuch as claimant's claim had now been allowed for additional conditions, relator submitted the October 4, 2016 addendum report of Dr. Finneran who opined that the new conditions had reached MMI and the consult with Dr. Patel was unnecessary.

{¶ 19} 13. The SHO vacated the prior DHO order and determined that claimant had not reached MMI specifically noting that, following the allowance of new conditions, Peter Hoy, D.O. was requesting a consultation with Dr. Amish Patel and, as such, it was Dr. Hoy's opinion that her allowed conditions had not reached MMI. Specifically, the SHO stated:

> This Hearing Officer does not find the Injured Worker to
> have reached maximum medical improvement for all of the
> allowed conditions in this claim. Therefore, payment of
> temporary total disability compensation shall be reinstated
> as of the termination date 08/26/2016 and shall continue

with further submission of appropriate medical proof of disability.

This Hearing Officer notes this claim was recently recognized for bilateral C6 radiculopathy, bulging disc C5-6 and substantial aggravation of pre-existing degenerative joint disease C5-6 by Staff Hearing Officer order issued 09/16/2016. From this Hearing Officer's review of the 07/28/2016 and 09/22/2016 office notes of Peter Hoy, D.O., this Hearing Officer finds Dr. Hoy diagnosed the Injured Worker with these newly allowed conditions and recommended the Injured Worker see Dr. Patel for further evaluation that may include injection therapy. A request for a consultation with Dr. Amish Patel was made on 08/09/2016 and is likely pending the adjudication process as it was denied by the self-insuring Employer. Based on the newly allowed conditions and recommended evaluation, this Hearing Officer does not find the Injured Worker to have reached a treatment plateau and thus has not reached maximum medical improvement.

{¶ 20} 14. Relator's further appeal was refused by order of the commission mailed November 2, 2016.

{¶ 21} 15. Relator filed a motion for reconsideration which was denied by order of the commission mailed December 10, 2016.

{¶ 22} 16. On December 1, 2016, relator filed a notice of appeal in the Union County Court of Common Pleas challenging the allowance of claimant's claim for the additional conditions.

{¶ 23} 17. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 24} Because of relator's pending appeal pursuant to R.C. 4123.512 challenging the allowance of the additional conditions in claimant's claim, the magistrate finds relator's challenge to the payment of TTD compensation based on those newly allowed conditions is not ripe for adjudication.

{¶ 25} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act

requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 27} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 28} Despite the fact that relator has appealed the allowance of the new conditions to the common pleas court pursuant to R.C. 4123.512 and the award of TTD compensation was granted based on the newly allowed conditions, relator argues that mandamus is appropriate because the medical evidence on which the commission relied to award TTD compensation does not support the award. Specifically, relator asserts that Dr. Hoy's opinion is contrary and equivocal and, pursuant to *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649 (1994), does not constitute some evidence.

{¶ 29} When a claim has been initially allowed or new conditions have been allowed, the employer may challenge the allowance by filing an appeal in common pleas court. In the event the injured worker is awarded compensation based on the allowance, that compensation is paid while the appeal is pending.

{¶ 30} For example, in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88 (1998), the employer appealed the allowance of the workers' compensation claim of L.B. Woolbright to common pleas court pursuant to R.C. 4123.512. While that appeal was pending, the employer filed a mandamus action challenging the award of benefits ordered by the commission based on the conditions that were the subject of the appeal. The Supreme Court of Ohio held that the employer's controversy lacked ripeness, stating:

> [The employer] is asking us to address the abstract and the hypothetical. The allowance of claimant's entire workers' compensation claim is in dispute, as are the medical conditions allegedly related to it. Therefore, EFC is effectively asking us to answer the question that, if the claim is allowed, and if it is allowed only for silicosis, is claimant entitled to temporary total disability compensation? This is an inappropriate question for review.

*Id.* at 89.

{¶ 31} In the present case, relator asserts that the medical evidence on which the commission relied does not support the award and that the commission further abused its discretion by awarding TTD benefits based on newly allowed conditions when there was no pending request for TTD compensation based on those additional conditions. Because of this distinction, relator argues that the decision in *Elyria Foundry* does not apply.

{¶ 32} In making its argument, relator cites this court's decision in *State ex rel. Wheeling-Pittsburgh Steel Corp. v. Indus. Comm.*, 10th Dist. No. 06AP-175, 2007-Ohio-2728. Wheeling-Pittsburgh sought a writ of mandamus ordering the commission to vacate the SHO order which allowed the industrial claim of Carl Filler for occupational asthma and chronic obstruction pulmonary disease and scheduling a hearing on the allowance of the claim before a DHO. Wheeling-Pittsburgh argued that the commission failed to follow the statutory process of R.C. 4123.511 which provided that contested claims would be referred to a DHO for hearing, and any party dissatisfied with the district

level decision may appeal that decision to an appropriate SHO for hearing. In that case, Filler filed an FROI-1 which was dismissed by a DHO. Filler appealed and, following a hearing, an SHO issued an interlocutory order referring the claim for an examination by a qualified physician. On receipt of the examination results, an SHO held a hearing and allowed the claim for the conditions as requested.

{¶ 33} Wheeling-Pittsburgh filed a notice of appeal pursuant to R.C. 4123.512 and also filed a mandamus action in this court asserting that the process used by the commission unlawfully denied Wheeling-Pittsburgh its statutory right to a district level hearing on the merits.

{¶ 34} The commission asserted that, pursuant to *Elyria Foundry,* the proceedings which Wheeling-Pittsburgh initiated in the common pleas court to have the claim disallowed in its entirety rendered the mandamus action not ripe for review. This court disagreed with the commission's argument and found that Wheeling-Pittsburgh's challenge to the commission's failure to follow the statutory process of R.C. 4123.511 did not fit the criteria for an appeal under R.C. 4123.512 and further distinguished *Elyria Foundry* on grounds that, in that case, the commission had used the lawful hearing process to enter a final order that both allowed a claim and awarded TTD compensation.

{¶ 35} In the present case, there is no allegation that the commission did not follow the proper statutory process. While relator does assert that claimant did not seek a new period of TTD compensation based on the newly allowed conditions, relator's motion to terminate claimant's TTD compensation based on a finding that the allowed conditions had reached MMI was before the commission. In denying that motion, the payment of TTD compensation continued based on the newly allowed conditions.

{¶ 36} Relator is challenging the commission's reliance on certain evidence. The magistrate finds that the decision in *Elyria Foundry* is controlling here. As is clear from the SHO order and the medical evidence on which the SHO relied, relator's motion to terminate claimant's TTD compensation was denied because the commission relied on the medical evidence of Dr. Hoy to find, not only that claimant's claim should be allowed for additional conditions but that, based on additional conditions, she should be referred for a consultation with Dr. Patel, additional treatment may be indicated, and TTD

compensation should continue. This is the sort of situation envisioned by the court's holding in *Elyria Foundry.*

{¶ 37} Based on the foregoing, it is this magistrate's decision that relator's mandamus action is premature as relator has already filed a notice of appeal in the common pleas court. As such, this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).