[Cite as *State v. Kibler*, 2020-Ohio-4631.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2020-0026 |
| | : | |
| VINCENT KIBLER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2019-0690 |
| | |
| JUDGMENT: | DISMISSED |
| | |
| DATE OF JUDGMENT ENTRY: | September 25, 2020 |

APPEARANCES:

For Plaintiff-Appellee:

D. MICHAEL HADDOX
MUSKINGUM COUNTY PROSECUTOR

GERALD V. ANDERSON, II
27 N. 5th St., P.O. Box 189
Zanesville, OH 43701

For Defendant-Appellant:

TODD W. BARSTOW
261 W. Johnstown Rd., Suite 204
Columbus, OH 43230

*Delaney, J.*

{¶1}   Defendant-Appellant Vincent Kibler appeals the April 30, 2020 sentencing entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**STATEMENT OF THE CASE[1]**

{¶2}   On November 20, 2019, Defendant-Appellant Vincent Kibler was indicted by the Muskingum County Grand Jury on one count of Aggravated Burglary, a first-degree felony; Theft, a fourth-degree felony; Improper Handling of a Firearm in a Motor Vehicle, a fourth-degree felony; and Having a Weapon while Under Disability, a third-degree felony. The Burglary charge included a firearm specification and a repeat violent offender specification. Kibler entered a plea of not guilty to the charges.

{¶3}   On March 23, 2020, the trial court held a change of plea hearing. Kibler pleaded guilty to: Count One, an amended charge of Burglary, a second-degree felony in violation of R.C. 2911.12(A)(1), with a firearm and repeat violent offender specifications; Count Two, Theft, a fourth-degree felony in violation of R.C. 2913.02(A)(1); Count Three, Improper Handling of a Firearm in a Motor Vehicle, a fourth-degree felony in violation of R.C. 2923.16(B); and Count Four, Having a Weapon while Under a Disability, a third-degree felony in violation of R.C. 2923.13(A)(2). The trial court accepted Kibler's guilty pleas and set the matter for a sentencing hearing.

{¶4}   The trial court held a sentencing hearing on April 27, 2020. Kibler was sentenced pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Act. Via sentencing entry filed on April 30, 2020, Kibler was sentenced to the following:

---

[1] A recitation of the underlying facts is unnecessary for the disposition of this appeal.

Count One: a stated minimum prison term of eight (8) years; an indefinite prison term of twelve (12) years;

Firearm Specification: a mandatory prison term of one (1) year;

Count Two: a stated prison term of twelve (12) months;

Count Three: a stated prison term of twelve (12) months; and

Count Four: a stated prison term of thirty (30) months.

Provided however, the periods of incarceration imposed herein shall be served concurrently with one another and the mandatory one (1) year prison term for the gun specification shall be served prior to the stated minimum prison term of eight (8) years and the indefinite prison term of twelve (12) years for an aggregate minimum prison term of nine (9) years and an aggregate indefinite prison term of thirteen (13) years.

{¶5}   On April 30, 2020, the trial court filed a "Notice of Non-Life Felony Indefinite Prison Term."

{¶6}   It is from the April 30, 2020 sentencing entry that Kibler now appeals.

## ASSIGNMENTS OF ERROR

{¶7}   Kibler raises two Assignments of Error:

{¶8}   "I. THE TRIAL COURT SENTENCED APPELLANT TO INDEFINITE TERMS OF INCARCERATION PURSUANT TO A STATUTORY SCHEME THAT VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶9} "II. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

## ANALYSIS

### I., II.

{¶10} In his first Assignment of Error, Kibler challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to due process of law. In his second Assignment of Error, Kibler argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

{¶11} R.C. 2967.271 provides in pertinent part:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the

expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's

minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

{¶12} Kibler argues the portions of the statute which allow the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. Kibler, however, has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration.

{¶13} This Court recently analyzed an appeal of a sentence imposed pursuant to the Reagan Tokes Act. *See State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227. In *Downward*, the appellant entered a plea of guilty to robbery, a

second-degree felony, and assault on a peace officer, a fourth-degree felony. The trial court sentenced the appellant on September 23, 2019, pursuant to the Reagan Tokes Act. On the robbery conviction, the trial court sentenced the appellant to a stated minimum prison term of eight years. The trial court sentenced the appellant to a stated prison term of twelve months for assault on a peace officer. The trial court ordered the sentences to be served consecutively, for an aggregate minimum prison term of nine years and an aggregate indefinite maximum prison term of thirteen years. *Id.* at ¶ 2. The appellant appealed the sentence, arguing the Reagan Tokes Act violated his constitutional rights to due process and trial by jury. *Id.* at ¶ 5.

{¶14} In *Downward*, we first discussed the legal concept of "ripeness for review:"

The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or

hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

*Id*. at 89, 694 N.E.2d at 460.

*Downard*, at ¶¶ 8-9.

{¶15} We next found the appellant's appeal of the constitutionality of the Reagan Tokes Act was not ripe for review. "* * * [W]hile R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his nine year minimum sentence and potentially continue his incarceration to a term not exceeding thirteen years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review." *Downard*, at ¶ 11. We determined the appropriate action for the appellant "to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a writ of habeas corpus if he is not released at the conclusion of his eight year minimum term of incarceration." *Downard*, at ¶ 12.

{¶16} We find the issues presented in the current case are identical to those in *Downard*. On April 30, 2020, Kibler was sentenced to an aggregate minimum prison term of nine years and an aggregate indefinite prison term of thirteen years. There is no dispute that Kibler has not yet been subject to R.C. 2967.271, which allows the DRC to rebut the presumption that Kibler will be released after serving his nine year minimum sentence

and potentially continuing his incarceration to a term not exceeding thirteen years. The constitutional issues argued by Kibler, pursuant to *Downard*, are not yet ripe for review.

{¶17} The two Assignments of Error are overruled.

**CONCLUSION**

{¶18} The appeal of the April 30, 2020 sentencing entry issued by the Muskingum County Court of Common Pleas is dismissed.

By:  Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.