[Cite as *State v. Halfhill*, 2021-Ohio-177.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 20CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| AUSTIN R. HALFHILL, | : | |
| Defendant-Appellant. | : | **RELEASED 1/20/2021** |

_____

<u>APPEARANCES</u>:

Michael R. Huff, Athens, Ohio, for appellant.

James K. Stanley, Meigs County Prosecutor, Pomeroy, Ohio, for appellee.
_____

Hess, J.

{¶1} Austin R. Halfhill appeals his sentence for aggravated vehicular homicide and operating a vehicle while under the influence of alcohol or drugs (OMVI). Halfhill contends that the trial court erred when it sentenced him under the Reagan Tokes Law because it is unconstitutional. Halfhill argues that the provisions that enable the Ohio Department of Rehabilitation and Corrections (ODRC) to increase his prison sentence without judicial involvement and to future imprison him without notice, a hearing, and a jury trial violates the separation of powers doctrine, his due process rights, and his right to a jury trial.

{¶2}   We dismiss his appeal because the question of the constitutionality of the Reagan Tokes Law is not ripe for review. Halfhill was sentenced to an indefinite prison term of a minimum of sixteen years and a maximum of twenty years.  Under the Reagan Tokes Law, there is a rebuttable presumption that Halfhill will be released at the end of his minimum sentence. The ODRC may, under certain circumstances, rebut that presumption and keep Halfhill incarcerated for an additional reasonable period, not to exceed his maximum prison term as sentenced by the trial court. However, Halfhill has not yet served his minimum sentence. Therefore, he has not yet been subject to the application of the provisions he challenges. Because he has not yet been subject to the actions by the ODRC, the constitutional issue is not yet ripe for our review.

{¶3}   We dismiss this appeal.

## I.  FACTS AND PROCEDURAL HISTORY

{¶4}   The Meigs County grand jury indicted Halfhill on nine counts, including three OMVI counts, first-degree misdemeanors; two counts of aggravated vehicular homicide, first-degree felonies; two counts of aggravated vehicular homicide, second-degree felonies; and two counts of vehicular manslaughter, first-degree misdemeanors. The charges arose from an accident in which Halfhill struck a motorcycle, killing both riders. In a negotiated plea agreement, Halfhill pleaded guilty to two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), first-degree felonies, and one count of OMVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. Pursuant to the plea agreement, the trial court dismissed the remaining counts. The parties did not reach an agreement as to sentencing.

{¶5}   At the sentencing hearing, Halfhill filed a sentencing memorandum in which he asked the trial court to strike as unconstitutional the indefinite sentencing provisions of the recently enacted Reagan Tokes Law, Am.Sub.S.B. No 201, effective March 22, 2019. The trial court rejected his argument and found Reagan Tokes Law constitutional and sentenced Halfhill to an indefinite term of eight years minimum to twelve years maximum on one of the aggravated vehicular homicide counts, eight years on the other aggravated vehicular homicide count, and 180 days of local jail time for OMVI.  The trial court ordered the aggravated vehicular homicide sentences to run consecutive to one another and concurrent with the OMVI sentence for an aggregate prison term of sixteen to twenty years.

## II.  ASSIGNMENT OF ERROR

{¶6}   Halfhill assigns the following error for our review:

AS AMENDED BY THE REAGAN TOKES ACT (SB 201, EFF. 3/22/19), THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATE THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶7}   Halfhill contends that the Reagan Tokes Law violates the separation of powers doctrine, due process, and his right to a jury trial.

## III. REAGAN TOKES LAW

{¶8}   The Reagan Tokes Law requires that a court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first or second-degree felony committed on or after March 22, 2019, impose a minimum prison term under that provision and a maximum prison term determined under R.C. 2929.144(B).  R.C. 2929.144(C).  There is a presumption that the offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive

earned early release date, whichever is earlier."   R.C. 2967.271(B).   A presumptive earned early release date is a date determined under procedures described in R.C. 2967.271(F) which allow the sentencing court to reduce the minimum prison term under certain circumstances.  R.C. 2967.271(A)(2).   The ODRC may rebut the presumption if it determines at a hearing that one or more statutorily numerated factors applies.  R.C. 2967.271(C).   If ODRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, determined and specified by ODRC, that "shall not exceed the offender's maximum prison term."  R.C. 2967.271(D)(1).

{¶9}   Halfhill maintains that the Reagan Tokes Law violates the separation of powers doctrine, due process and his right to a jury trial because R.C. 2967.271(C)(1) allows ODRC to extend a prison sentence if it determines, among other things, that the offender committed an unprosecuted violation of the law.   He asserts that when the Reagan Tokes Law is compared to former R.C. 2967.11 (the "bad time" law), which allowed the parole board to extend an offender's stated prison term under certain circumstances, "the net results are indistinguishable."   Halfhill argues that in *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), the Supreme Court of Ohio held that former R.C. 2967.11 violated the separation of powers doctrine because trying, convicting, and sentencing inmates for crimes committed while incarcerated is not an exercise of executive power.  He also argues that due process requires that the decision to restrict an individual's freedom be made by a judge and that he has a right to a trial by jury on the question of whether his minimum sentence should be increased.

{¶10} The state contends both that Halfhill lacks standing[1] to challenge the constitutionality of the Reagan Tokes Law and that his constitutional challenge is not ripe for review because he has not been injured by its allegedly unconstitutional provision as ODRC has not maintained his incarceration beyond his minimum prison term. Alternatively, the state argues that the law is constitutional and cites a number of Second and Twelfth District decisions that have found the Reagan Tokes Law to be constitutional.

{¶11} The constitutionality of a statute presents a question of law we review de novo. *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 27 (4th Dist.). However, "[i]t is well settled that this court will not reach constitutional issues unless absolutely necessary." *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. To determine the necessity of a constitutional analysis, therefore, we must first decide whether the issue is ripe for review.

{¶12} At least eight appellate districts have had the opportunity to address the constitutionality of the Reagan Tokes Law. In our district and in the Eighth and Eleventh District Courts of Appeals, when the defendant fails to raise constitutional objections in the trial court, the appellate courts refuse to conduct a plain error analysis of the issue. *State v. Conant,* 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 40 ("we decline to

---

[1] As Halfhill correctly argues in his reply brief, although the state contends Halfhill lacks "standing" the proper question is one of "ripeness" rather than "standing." *See Wells Fargo Bank, N.A. v. Horn,* 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 8 (2015) ("Generally speaking, standing is '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.' *Black's Law Dictionary* 1625 (10th Ed.2014). 'It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.'"). "Ripeness 'is peculiarly a question of timing.'" *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 1998-Ohio-366, 694 N.E.2d 459. Thus, while Halfhill undoubtedly has standing to challenge his sentence, because he has not yet been subject to the ODRC actions, the question is whether the constitutionality of Reagan Tokes Law is ripe for review.

construct a plain error argument on his behalf, particularly when R.C. 2967.271(C)(1) has not been and might never be applied to him, and he has not responded to the state's standing argument"); *State v. Young,* 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 21 ("Young failed to raise a constitutional challenge to the Reagan Tokes Act in the trial court, and we decline to address the issue for the first time on appeal"); *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 12, 19 ("Given the lack of presentment to the trial court and the absence of plain error arguments, we decline to address the constitutionality of the Reagan Tokes Act as to this case"); *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-57 (declining to address constitutionality of Reagan Tokes Act for the first time on appeal); *State v. Ferguson,* 11th Dist. Lake No. 2020-L-0431, 2020-Ohio-5578, ¶ 13 (defendant failed to raise it at the trial level, appellate court declined to address it).

{¶13} Recently, when the issue was properly preserved for appeal, we held that a defendant's constitutional challenge to the Reagan Tokes Law was not ripe for review. *State v. Ramey*, 4th Dist. Washington Nos. 20CA1, 20CA2, 2020-Ohio-6733. In *Ramey*, the defendant raised the same constitutional challenges to the Reagan Tokes Law as Halfhill raises. We analyzed decisions from other appellate districts and found that some districts held that the constitutionality of Reagan Tokes Law was not ripe for review and other districts reviewed the statute and found it constitutional. *Ramey* at ¶ 20. The Fifth District Court of Appeals has held that constitutional challenges to the Reagan Tokes Law are not yet ripe for review because the appellant has not yet been subject to the application of those provisions. It determined that the appropriate method to challenge the constitutionality of the Reagan Tokes Law is by filing a petition for a writ of habeas

corpus if the defendant is not released at the conclusion of the minimum term of incarceration. *State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 7-12; *State v. Manion,* 5th Dist. Tuscarawas No. 2020AP030009, 2020-Ohio-4230, ¶ 7-12; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631, ¶ 13-16; *but see State v. Cochran,* 5th Dist. Licking No. 2019CA122, 2020-Ohio-5329, ¶ 25-63 and *State v. Wolfe,* 5th Dist. Licking No. 2020CA21, 2020-Ohio-3501, ¶ 41-81 (Gwin, J., dissenting in both *Cochran* and *Wolfe* and finding the question of the constitutionality of Reagan Tokes Law ripe for review and finding the law constitutional).

**{¶14}**   The Fifth District determined that the issue was not ripe for review because the appellant "has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration." *Downard* at ¶ 7; *Manion* at ¶ 7. In discussing the ripeness issue, the appellate court explained:

> The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:
>
>> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
>>
>> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action

> of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

*Id.* at 89, 694 N.E.2d at 460.

*Downard* at ¶ 8-9; *Manion* at ¶ 8-9.

**{¶15}** The Fifth District Court of Appeals also noted that, in analyzing an analogous constitutional challenge to R.C. 2967.28 (which allows the Parole Board to impose sanctions for violations of post-release control), the Eighth District Court of Appeals concluded that because the defendant "was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review." *Id.* at ¶ 10, citing *State v. McCann,* 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, ¶ 6. The appellate court in *Downard* and *Manion* analogized the appellant before them to the appellant in *McCann* and found:

> Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his eight year minimum sentence and potentially continue his incarceration to a term not exceeding ten and one-half years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review.

*Downard* at ¶ 11; *Manion* at ¶ 11.

**{¶16}** While Ramey's appeal was pending in our court, the Sixth District Court of Appeals issued a series of decisions adopting the Fifth District's analysis in *Downard* and finding that the constitutionality of Reagan Tokes Law was not ripe for review. *See State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, ¶ 7 -14; *State v. Velliquette*, 2020-Ohio-4855, __N.E.3d__, ¶ 29 (6th Dist.); *State v. Montgomery,* 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552, ¶ 25. In both *Velliquette* and *Montgomery*, the Sixth District recognized that its decision was in conflict with decisions in the Second

and Twelfth District Courts of Appeals, which found the Reagan Tokes Law constitutional without addressing the ripeness issue. The Sixth District Court of Appeals certified the conflict to the Supreme Court of Ohio for review. *Velliquette* at ¶ 32.

> We therefore sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution. As this case concerns the same conflict at issue in *Maddox*, we certify the same question for review:
>
>> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Corrections to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*Montgomery* at ¶ 25. The *Velliquette* matter is currently pending in the Supreme Court of Ohio, Case No. 2020-1243.

{¶17} Although the Fourth, Fifth, Sixth, Eighth, and Eleventh District Courts of Appeals have either refused to conduct a plain error analysis of the constitutional challenge or found the issue not yet ripe for review, the Second, Third, and Twelfth District Courts of Appeals have upheld the Reagan Tokes Law as constitutional without addressing the ripeness issue. *State v. Ferguson,* 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 (specifically discussing the *State v. Oneal, infra* decision from the Hamilton County Court of Common Pleas); *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150 (conducting a plain error review of the constitutionality of the Reagan Tokes Law and rejecting the reasoning in *State v. Oneal*, Hamilton C.P. No. B 1903562, 2019 WL 7670061 (Nov. 20, 2019), the only known case finding the Reagan Tokes Law unconstitutional); *State v. Leet*, 2d Montgomery No. 28670, 2020-Ohio-4592; *State v. Sinkhorn*, 2d Dist. Clark No. 2019-CA-79, 2020-Ohio-5359, ¶ 29, 32

(court acknowledged the state's ripeness challenge but found "we need not address these arguments because we recently upheld the constitutionality of the Reagan Tokes Act" in *Ferguson, supra*); *State v. Hacker*, 2020-Ohio-5048, __N.E.3d__ (3d Dist.) (conducting a de novo review of the constitutionality of the Reagan Tokes Law and rejecting the reasoning in *State v. Oneal*); *State v. Guyton,* 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103, ¶ 10. These courts noted critical distinctions between the "bad time" statute and the Reagan Tokes Law. *See Ramey,* 2020-Ohio-6733, ¶ 19 (discussing *Barnes, Ferguson*, and *Guyton*).

{¶18} In *Ramey*, although we found the analyses of the Second, Third, and Twelfth District Courts of Appeals persuasive, we did not reach the merits of Ramey's constitutional challenge because, like the analysis of the Fifth District Court of Appeals, we found that it was not yet ripe for review:

> Ramey has not yet been subject to the application of the provisions, has not served his minimum time, and therefore has not been denied release at the expiration of his minimum term of incarceration. We have historically practiced restraint in addressing challenges to sentencing issues which are not yet ripe for review. *See State v. Edwards*, 4th Dist. Jackson No. 06CA5, 2006-Ohio-6288, ¶ 27; *State v. Sparks*, 4th Dist. Washington No. 03CA21, 2003-Ohio-6300, ¶ 1 ("Sparks contends that the trial court violated his right to due process and usurped the authority of the Ohio Adult Parole Authority * * * by sentencing him to a period of post-release control. Because we find that Sparks has not yet been sentenced to any period of post release control, we find that his appeal is not yet ripe for judicial review."). This is particularly true where constitutional challenges are raised; appellate courts will not reach constitutional issues unless "absolutely necessary." *State v. Breidenbach,* 4th Dist. Athens No. 10CA10, 2010-Ohio-4335, ¶ 12. If the provisions of the Reagan Tokes Law which give the ODRC authority to keep Ramey incarcerated until he has served his maximum prison term are unconstitutional, Ramey can challenge those by a petition for a writ of habeas corpus – if, after he has served his minimum prison term, the ODRC acts to maintain him beyond it. *See Bray, supra; Downard, supra; Minion, supra*.

*Id.* at ¶ 20.

**{¶19}** As discussed in *Ramey*, a petition for a writ of habeas corpus was the procedure by which the defendants in *Bray, infra,* and *Woods, infra*, challenged the constitutionality of the "bad time" statute, R.C. 2967.11, and the post-release control statute, R.C. 2967.28. *Ramey* at ¶ 21 (discussing *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), in which the Supreme Court of Ohio determined that the "bad time" statute violated the separation of powers doctrine and was unconstitutional and discussing *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, in which an inmate filed a petition for a writ of habeas corpus arguing that the post-release control statute, R.C. 2967.28, was unconstitutional as it violated the separation of powers doctrine and due process). Thus, like *Ramey*, we find that a habeas corpus petition is the appropriate method for Halfhill to challenge the constitutionality of the Reagan Tokes Law when – if ever – the ODRC holds him beyond the minimum sentence.

**{¶20}** We find the constitutional challenge raised by Halfhill in his sole assignment of error is not yet ripe for review. The assignment of error is overruled.

### IV.  CONCLUSION

**{¶21}** We overrule the assignment of error. The appeal is dismissed.

**{¶22}** The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**