[Cite as *State v. Mills*, 2021-Ohio-1180.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CODY MILLS | : | Case No. 2020 CA 10 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 19CR0118



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      April 6, 2021



APPEARANCES:

For Plaintiff-Appellee

JASON W. GIVEN
318 Chestnut Street
Coshocton, OH 43812

For Defendant-Appellant

JAMES ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Cody Mills appeals the February 25, 2020 judgment of conviction and sentence of the Coshocton County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal.

{¶ 3}   On July 26, 2019, the Coshocton County Grand Jury returned a four-count indictment charging Mills with aggravated trafficking, a felony of the first degree, two counts of trafficking in heroin, a felonies of the first degree, and having weapons under disability, a felony of the third degree.

{¶ 4}   On February 19, 2020, following negotiations with the state, Mills elected to enter pleas of guilty to aggravated trafficking and trafficking in heroin. The state dismissed the charges of having weapons under disability and one count of trafficking in heroin. The trial court sentenced Mills to a mandatory indefinite prison term of 10 to 15 years.

{¶ 5}   Mills filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 6}   "AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

II

{¶ 7}  "CODY MILLS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

III

{¶ 8}  "CODY MILLS DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HIS GUILTY PLEAS, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

I, II

{¶ 9}  We address Mills' first and second assignments of error together. In his first assignment of error, Mills argues the indefinite sentencing provisions contained in R.C. 2967.271 are unconstitutional as they violate the separation of powers and due process provisions of the United States and Ohio constitutions. In his second assignment of error, Mills argues his counsel rendered ineffective assistance by failing to object to his indefinite sentence.

{¶ 10} R.C. 2967.271 provides in relevant part:

> (B) When an offender is sentenced to a non-life felony indefinite
> prison term, there shall be a presumption that the person shall be
> released from service of the sentence on the expiration of the

offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a)

of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

{¶ 11} Mills argues these portions of R.C 2967.271 permitting the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. However, Mills has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration.

{¶ 12} We addressed the concept of ripeness for review in regard to R.C. 2967.271 in *State v. Downard*, 5th Dist. Muskingum, CT2019, 2020-Ohio-4227:

The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff. Comment, *Mootness and Ripeness: The Postman Always Rings Twice* (1965), 65 Colum. L.Rev. 867, 876. Id. at 89, 694 N.E.2d at 460.

In *State v. McCann*, 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, the defendant argued because the Parole Board, pursuant to R.C. 2967.28, could extend his sentence by up to an additional five years for violation of post-release control, the statute was unconstitutional. The Eighth District Court of Appeals concluded because McCann

was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review. *Id.* at ¶6.

Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his nine year minimum sentence and potentially continue his incarceration to a term not exceeding thirteen years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review.

{¶ 13} *Downard*, at ¶8-11. See also, *State v. Buckner*, 5th Dist. Muskingum Nos. CT2020-0023 & CT2020-0024, 2020-Ohio-7017; *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501; *State v. Cochran*, 5th Dist. Licking No. 2019 CA 00122, 2020-Ohio-5329; *State v. Clark*, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631.

{¶ 14} Mills does not dispute he had not yet been subject to the provisions of R.C. 2967.271. We therefore find here as we did in *Downard*, Mills' constitutional challenges and his trial counsel's failure to raise the same are not yet ripe for review.

{¶ 15} Mills' first and second assignments of error are overruled.

III

{¶ 16} In his final assignment of error, Mills argues his pleas was not knowingly, intelligently and voluntarily made because the trial court failed to inform him that he had a right to make the state prove his guilt beyond a reasonable doubt. We disagree.

{¶ 17} An examination of the plea hearing transcript reveals the trial court did not advise Mills of the right to have the state prove his guilt beyond a reasonable doubt. However, a review of the record indicates on January 25, 2021, the court reporter present at Mills' sentencing hearing filed an affidavit indicating that following a review of her notes from that hearing she realized she had mistakenly deleted the words "beyond a reasonable doubt" from the text. The court reporter made the correction and reprinted page 11 of the sentencing transcript to include the trial court's notification to Mills that he had the right "to require the state to prove your guilt beyond a reasonable doubt at a trial at which you cannot be compelled to testify against yourself." Transcript of Plea at 11. We therefore reject Mills' argument.

{¶ 18} The final assignment of error is overruled.

{¶ 19} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By Wise, Earle, J.,

Delaney, J. concur.

Gwin, P.J. concurs in part, dissents in part.

EEW/rw

*Gwin, P.J. concurs in part; dissents in part*

{¶20} I concur in the majority's disposition of Appellant's Third Assignment of Error.

{¶21} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's First and Second Assignments of Error for the reasons set forth in my dissenting opinion in *State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501.

{¶22} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table); *State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II, State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).