[Cite as *State v. Mills*, 2022-Ohio-2175.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | | |
| | : | |
| CODY MILLS | : | Case No. 2020 CA 10 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   On remand from the Supreme Court
of Ohio, Case No. 2021-0662

JUDGMENT:        Affirmed

DATE OF JUDGMENT:     June 23, 2022

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

JASON W. GIVEN        GEORGE URBAN
318 Chestnut Street       111 Second Street
Coshocton, OH  43812      Suite 320
              Canton, OH  44702

*Wise, Earle, P.J.*

{¶ 1}   This matter is before us on remand from the Ohio Supreme Court. In Defendant-Appellant Cody Mills' direct appeal, *State v. Mills*, 5th Dist. Coshocton No. 2020-CA-10, 2021-Ohio-1180,[1] we declined to address his first and second assignments of error which challenged the constitutionality of the Reagan Tokes Act and trial counsel's failure to challenge the Act, as we found the challenges were not ripe for review. In *State v. Maddox*, slip opinion No. 2022-Ohio-764, however, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Mills' first and second assignments of error.[2]

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal.

{¶ 3}   On July 26, 2019, the Coshocton County Grand Jury returned a four-count indictment charging Mills with aggravated trafficking, a felony of the first degree, two counts of trafficking in heroin, felonies of the first degree, and having weapons under disability, a felony of the third degree.

{¶ 4}   On February 19, 2020, following negotiations with the state, Mills elected to enter pleas of guilty to aggravated trafficking and trafficking in heroin. The state dismissed the charges of having weapons under disability and one count of trafficking in heroin. The trial court sentenced Mills to a mandatory indefinite prison term of 10 to 15 years.

---

[1] Judge W. Scott Gwin concurring in part and dissenting in part.
[2] We have previously addressed Mills' remaining assignment of error in our original opinion and will not revisit that matter.

{¶ 5}   The assignments of error left unaddressed by this court on direct appeal are as follow:

I

{¶ 6}   "AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

II

{¶ 7}   "CODY MILLS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 8}   In his first assignment of error, Mills challenges the constitutionality of the Reagan Tokes Act. Specifically, Mills argues it violates his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to appellant's sentence based upon his behavior in the institution.  We disagree.

{¶ 9}   Recently, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on Mills' arguments:

> For the reasons stated in the dissenting opinion of The Honorable W.
> Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021,

2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 10} Based on the forgoing authority, Mills' first assignment of error is overruled.

II

{¶ 11} Mills next argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of R.C. 2967.271. We disagree.

{¶ 12} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors

prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 13} Because we have found R.C. 2967.271 is constitutional, Mills cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶ 14} The second assignment of error is overruled.

{¶ 15} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/rw