[Cite as *State v. Waggle*, 2022-Ohio-2351.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | | |
| | : | |
| PAUL WAGGLE | : | Case No. CT2020-55 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    On remand from the Supreme Court
                            of Ohio, Case No. 2021-1398


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    July 5, 2022


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

TAYLOR BENNINGTON                        CHRISTOPHER BRIGDON
27 North Fifth Street                    8138 Somerset Rd.
P.O. Box 189                             Thornville, OH 43076
Zanesville, OH 43701

*Wise, Earle, J.*

{¶ 1}   This matter is before us on remand from the Ohio Supreme Court. In Defendant-Appellant Paul Waggle's direct appeal, *State v. Waggle*, 2021-Ohio-1180, 178 N.E.3d 562,[1] we declined to address his first assignment of error which challenged the constitutionality of the Reagan Tokes Act, and a portion of his fourth assignment of error regarding trial counsel's failure to challenge the Act, as we found the challenges were not ripe for review. In *State v. Maddox*, slip opinion No.  2022-Ohio-764, however, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Waggle's' first assignment of error and the remaining portion of his fourth assignment of error.[2]

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal.

{¶ 3}   On July 28, 2020, the Muskingum County Grand Jury returned a seven-count indictment charging Waggle with three counts of felonious assault, one count of tampering with evidence, two counts of kidnapping and one count of attempted murder.

{¶ 4}   On September 28, 2020, following negotiations with the state, Waggle entered pleas of guilty to two counts of felonious assault, violations of R.C. 2903.11(A)(2), felonies of the second degree, one count of tampering with evidence, a violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of kidnapping, a violation of

---

[1] Judge W. Scott Gwin concurring in part and dissenting in part.
[2] We have previously addressed Waggle's remaining assignments of error in our original opinion and will not revisit those matters.

R.C. 2905.01(A)(3), a felony of the first degree. The state agreed to nolle the balance of the indictment.

{¶ 5}   Waggle appeared for sentencing on November 2, 2020. The trial court determined one count of felonious assault and kidnapping were allied offenses and the state elected to proceed to sentencing on the kidnapping. Appellant was thereafter sentenced to an aggregate prison term of 16 to 21 years with 10 years being mandatory.

{¶ 6}   The assignments of error left unaddressed by this court on direct appeal are as follows:

I

{¶ 7}   "AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

IV

{¶ 8}   "PAUL WAGGLE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 9}   In his first assignment of error, Waggle challenges the constitutionality of the Reagan Tokes Act. Specifically, Waggle argues it violates his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation

and Corrections to potentially add additional time to Waggle's sentence based upon his behavior in the institution.  We disagree.

{¶ 10} Recently, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on Waggle's arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson,* 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 11} Based on the forgoing authority, Waggle's first assignment of error is overruled.

IV

{¶ 12} The portion of Waggle's fourth assignment of error previously left unaddressed by this court argues Waggle's trial counsel rendered ineffective assistance by failing to challenge the constitutionality of the Reagan Tokes Act. We disagree.

{¶ 13} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 14} Because we have found the Reagan Tokes Act is constitutional, Waggle cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶ 15} The fourth assignment of error is overruled.

{¶ 16} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/rw